Mohammad Asim **RASHID, Petitioner,**

v.

Michael B. **MUKASEY** [1], **U.S. Attorney General, Respondent.**

No. 07–0539–ag.

United States Court of Appeals, Second Circuit.

Nov. 20, 2007.

1. Pursuant to Federal Rule of Appellate Pro-  cedure 43(c)(2), Attorney General Michael B.

Hector M. Roman, Roman & Singh, LLP, Jackson Heights, NY, for Petitioner.

Michael B. Mukasey, Attorney General, Civil Division, Leslie McKay, Senior Litigation Counsel, Sarah Maloney, Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Mohammad Asim Rashid, a native and citizen of Pakistan, seeks review of a January 25, 2007 order of the BIA affirming the June 21, 2005 decision of Immigration Judge ("IJ") Brigitte La-Forest, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohammad Asim Rashid a.k.a. Lester Louis Lockett a.k.a. Maliek Anwar,* No. A78 385 389 (B.I.A. Jan. 25, 2007), *aff'g* No. A78 385 389 (Immig. Ct. N.Y. City June 21, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). However, this Court lacks jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or that neither changed nor extraordinary circumstances excused the untimeliness under 8 U.S.C. § 1158(a)(2)(D). 8 U.S.C. § 1158(a)(3). Notwithstanding that provision, we retain jurisdiction to review con-

Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

stitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D).

Here, the IJ's findings that Rashid's asylum application was untimely and that this untimeliness was not excused by changed or extraordinary circumstances are purely factual determinations which do not implicate constitutional claims or questions of law. Accordingly, we dismiss that portion of Rashid's petition for review that challenges the denial of asylum. *See Joaquin–Porras v. Gonzales*, 435 F.3d 172, 179–80 (2d Cir.2006).

With regard to Rashid's claims for withholding of removal and CAT relief, this Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). *See, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice*, 494 F.3d 296 (2d Cir.2007). Here, the IJ's adverse credibility determination is supported by substantial evidence. The discrepancies between Rashid's testimony and his asylum application concerned the only two incidents of persecution that Rashid alleged he had suffered in Pakistan. As such, these discrepancies went to the heart of his claim. *See Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir.2002). The IJ offered Rashid an opportunity to explain these discrepancies, but she found his explanations inadequate, and we are not compelled to credit them now. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir. 2005).

The IJ's adverse credibility determination was further reinforced by Rashid's fraudulent use of an alias to obtain credit cards, and his conviction for fraudulent use of a United States passport in attempting to re-enter the country. *See Edimo–Dou-*

*alla v. Gonzales*, 464 F.3d 276, 288 (2d Cir.2006). A petitioner's use of a fraudulent document to enter the United States cannot by itself form the basis of an adverse credibility determination if the petitioner was in the process of escaping "immediate danger or imminent persecution," *see id.*, but the record in this case fails to evidence any such imminency. Rashid himself testified that he had departed Pakistan two years before the use at issue. Moreover, the passport was used to effect a re-entry prompted by the denial of admission to Canada. In these circumstances, the fraud properly bore on credibility. *See Matter of Pula*, 19 I. & N. Dec. 467, 474 (B.I.A.1987) (noting that although "the use of fraudulent documents to escape the country of persecution itself is not a significant adverse factor ... entry under the assumed identity of a United States citizen with a United States passport ... is a very serious fraud").

Because Rashid's assertion that he had been or would be subjected to persecution or torture in Pakistan depended upon his credibility, the IJ properly denied Rashid's withholding of removal and CAT claims. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).